UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLESSING EKEMEZIE,<br><br>    *Plaintiff*,<br><br>v.<br><br>CVS PHARMACY, INC. *et al.*,<br><br>    *Defendants*. | Civil Action No. 17-367 (TJK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Blessing Ekemezie worked as a pharmacist for CVS Pharmacy, Inc. ("CVS") for twenty-five years, until she was fired on September 12, 2015. She claims that her firing violated federal and District of Columbia law for several reasons, including that it breached the collective bargaining agreement governing her employment and that it was the product of unlawful age- and race-based discrimination. CVS, for its part, asserts that the firing was justified by repeated instances of poor performance. Ekemezie also claims that her union, United Food & Commercial Workers Local 400 ("Local 400"), improperly declined to pursue a grievance on her behalf against CVS. Local 400 has moved to dismiss her "hybrid § 301 / fair representation claim" as time-barred, and CVS has moved for partial judgment on the pleadings on the same ground. For the reasons explained below, these motions will be granted.

**I.    Factual and Procedural Background**

For purposes of this decision, the Court takes as true the allegations in Ekemezie's Amended Complaint. Ekemezie worked at CVS[1] for twenty-five years. ECF No. 12 ("Am.

---

[1] CVS asserts that it has been improperly pleaded in this case and that the correct defendant is a related entity, CVS Rx Services, Inc. ECF No. 16. The Court need not address that issue at this time.

Compl.") ¶ 6. For eighteen of these years, she served as "Pharmacist in Charge" at a CVS location. *Id.* ¶ 12. Starting in May 2015, Ekemezie's newly-hired manager began to criticize her performance on the basis of multiple customer complaints, *id.* ¶¶ 17, 23, mishandling of records, *id.* ¶ 80, and a failure to follow prescription-verification measures designed to ensure patient safety, *id.* ¶¶ 21, 82-83. The manager also claimed that productivity at the store had increased while Ekemezie was on vacation. *See id.* ¶ 30. On September 12, 2015, the manager terminated Ekemezie after she once again failed to follow the prescription-verification procedures. *Id.* ¶¶ 6, 90. Ekemezie alleges that CVS's asserted grounds for her termination were pretextual and that she was actually terminated because of her race and age and because, as a long-tenured employee, she enjoyed a high salary that made her costly to retain. *Id.* ¶ 113.

Three days after her termination, on September 15, 2015, Local 400 filed a grievance on Ekemezie's behalf against CVS, alleging that her dismissal was without cause and thus violated the collective bargaining agreement. Pl.'s Ex. B.[2] Five months later, on February 22, 2016, Local 400 sent a letter to Ekemezie informing her that CVS had offered to settle her grievance for just over $30,000. Pl.'s Ex. C. Local 400 "strongly recommend[ed]" she accept the settlement because her "case lack[ed] sufficient merit to proceed to arbitration." *Id.* The letter explained that, if Ekemezie chose "not to accept this offer within 30 days," Local 400 would "be forced to withdraw [her] grievance." *Id.* Ekemezie did not accept the settlement. Am. Compl. ¶ 150. On March 23, 2016, Local 400 informed Ekemezie that it had reviewed her case thoroughly and "there [was] not sufficient basis to warrant arbitration or pursuing [her] grievance

---

[2] Exhibits A through K attached to Ekemezie's original complaint, ECF Nos. 1-4 through 1-14, are each cited as "Pl.'s Ex. \_\_." While Ekemezie did not re-attach the exhibits to her Amended Complaint, it cites each exhibit using the same lettering scheme as in the original complaint. *See* Am. Compl. at 2; *id.* ¶¶ 133, 147-149, 151-155.

2

further." Pl.'s Ex. F. In the same letter, Local 400 stated that it would "consider the matter closed" unless she provided "newly discovered evidence concerning [her] grievance" within seven days. *Id.* On March 25, 2016, Ekemezie sent Local 400's Executive Board a letter appealing the decision. Pl.'s Ex. G. After hearing nothing for almost two months, Ekemezie sent a follow-up letter on May 21, 2016, reattaching her original appeal. Pl.'s Ex. I. On May 31, 2016, Local 400 informed Ekemezie that the Board would consider her appeal and respond as soon as it had made a decision. Pl.'s Ex. H.

In a letter dated July 19, 2016 (the "July 19 Letter"), Local 400 again informed Ekemezie that "there [was] not sufficient basis to warrant arbitration or pursuing [her] grievance further" and that unless she contacted Local 400 "in writing within the next 7 days to provide [it] with any newly discovered evidence concerning [her] grievance," it would "have to consider the matter closed and [would] take no further action." Pl.'s Ex. J. Ekemezie received the letter on July 30, 2016, when she returned from vacation. Am. Compl. ¶ 155. On August 1, 2016, she contacted a Local 400 official to explain that she had just returned and intended to respond to the union's decision on her appeal. Pl.'s Ex. K; *see* Am. Compl. ¶ 155; ECF No. 27-1 ("Pl.'s Opp'n") at 8. On August 8, 2016, Ekemezie sent Local 400 a follow-up letter asking for information about the basis for the Executive Board's decision not to arbitrate on her behalf and how she could further appeal it. Pl.'s Ex. K. On August 29, 2016, Local 400 responded to Ekemezie's questions in a letter describing the previous actions taken on her behalf, outlining Local 400's grounds for not pursuing the matter further, and informing her that "[t]here are no other internal appeal processes available." Pl.'s Ex. E.

Ekemezie filed suit on February 28, 2017. *See* ECF No. 1. Her amended complaint asserts five counts. *See* Am. Compl. ¶¶ 159-203. Count I is a "hybrid § 301 / fair representation

3

claim" against CVS and Local 400.³  Am. Compl. ¶¶ 159-169.  Counts II through V, which are not the subject of the instant motions, allege that CVS discriminated against Ekemezie on the basis of age and race, created a hostile work environment, and intentionally caused her to suffer severe emotional distress.  *Id.* ¶¶ 170-203.

Local 400 has moved to dismiss Count I, the only claim against it, as time-barred under the six-month statute of limitations governing "hybrid § 301 / fair representation claims."  ECF No. 24.  CVS has filed a motion for partial judgment on the pleadings on the same ground.  ECF No. 25.

## II. Legal Standard

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint; it does not require a court to 'assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint.'"  *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)).  "In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'"  *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)).  "But the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations."  *Id.*  "To survive a motion to dismiss, a complaint must have 'facial plausibility,' meaning it must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

³ Ekemezie also asserted this claim against United Food & Commercial Workers International Union ("UFCW International").  Am. Compl. ¶ 167.  Judge Cooper, to whom this case was previously assigned, dismissed the claim against UFCW International without prejudice on August 9, 2017, after Ekemezie conceded that such dismissal was proper.  *See* ECF Nos. 17, 19.

4

alleged.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In deciding a motion to dismiss under Rule 12(b)(6), the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017) (alteration in original) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)).

"A complaint will be dismissed under Rule 12(b)(6) as 'conclusively time-barred' if 'a trial court determines that the allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Momenian v. Davidson*, 878 F.3d 381, 387 (D.C. Cir. 2017) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)) (internal quotation marks omitted). "Yet 'courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint' because 'statute of limitations issues often depend on contested questions of fact.'" *Id.* (quoting *Firestone*, 76 F.3d at 1209). "Instead, as long as a plaintiff's potential 'rejoinder to the affirmative defense [is not] foreclosed by the allegations in the complaint,' dismissal at the Rule 12(b)(6) stage is improper." *De Csepel v. Republic of Hungary*, 714 F.3d 591, 608 (D.C. Cir. 2013) (alteration in original) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007) (en banc)).

"[A] Rule 12(c) motion . . . is functionally equivalent to a Rule 12(b)(6) motion." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012). "In considering a motion for judgment on the pleadings, the Court should 'accept as true the allegations in the opponent's pleadings' and 'accord the benefit of all reasonable inferences to the non-moving party.'" *Stewart v. Evans*, 275 F.3d 1126, 1132 (D.C. Cir. 2002) (quoting *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n.11 (D.C. Cir. 1987)).

## III. Analysis

The instant motions concern Ekemezie's "hybrid § 301 / fair representation claim" against CVS and Local 400. Such claims consist of two intertwined causes of action: a claim against the employer, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for breach of the collective bargaining agreement, and a claim against the union for breach of its duty of fair representation (implied from the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*). *Cephas v. MVM, Inc.*, 520 F.3d 480, 485 (D.C. Cir. 2008). A six-month statute of limitations governs these hybrid claims. *See Malloy v. WMATA*, 689 F. App'x 649, 650 (D.C. Cir. 2017) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983)). Both causes of action accrue simultaneously. *Proudfoot v. Seafarer's Int'l Union*, 779 F.2d 1558, 1559 (11th Cir. 1986). The statute of limitations "begins to run when 'the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" *Simmons v. Howard Univ.*, 157 F.3d 914, 916 (D.C. Cir. 1998) (quoting *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 260 (3d Cir. 1990)).

When the claim arises from a union's failure to grieve, the six-month period begins to run when the plaintiff "knew or should have known that the union had stopped pursuing his grievance." *Delaney v. District of Columbia*, 612 F. Supp. 2d 38, 42 (D.D.C. 2009) (citing *Cephas*, 520 F.3d at 488). That is, "the timeliness of the suit must be measured from the date on which the employee knew or should have known of the union's final action," which is "the point where the grievance procedure was exhausted or otherwise broke down to the employee's disadvantage." *Proudfoot*, 779 F.2d at 1559.

Here, the parties dispute when Local 400's final action occurred and whether the statute of limitations should be tolled past that date. The Court concludes that the cause of action

accrued no later than July 30, 2016, and that no tolling beyond that date is warranted. Therefore, the claim must be dismissed.

Based on the record before the Court, it is clear that Ekemezie's "hybrid § 301 / fair representation claim" accrued by July 30, 2016 (if not earlier). On that day, Ekemezie received the July 19 Letter, which she understood to be Local 400's denial of her appeal. *See* Am. Compl. ¶ 155; Pl.'s Opp'n at 7-8. In the letter, Local 400 unambiguously informed Ekemezie that it would not continue to grieve for her unless she provided newly discovered evidence within seven days of July 19, 2016. Pl.'s Ex. J. By Ekemezie's own admission, she received the letter on July 30, 2016. Am. Compl. ¶ 155. At that point, it should have been clear to her that, because she had missed the seven-day deadline, Local 400 would "consider the matter closed." Pl.'s Ex. J. And in any event, Ekemezie's response of August 8, 2018—more than seven days after her receipt of the July 19 Letter—did not include any new evidence. *See* Pl.'s Ex. K.

Ekemezie suggests that the "back and forth correspondences" between her and Local 400 signaled to her that the union was still processing her claim. Pl.'s Opp'n at 12. She reads the July 19 Letter as a sign that Local 400 "wanted and anticipated further communication" from her. *Id.* at 8. But the date of accrual is an objective determination; plaintiffs cannot "close[] their eyes to evident and objective facts concerning the accrual of their right to sue." *Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1000 (6th Cir. 1994) (quoting *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 579 (6th Cir. 1987)). Here, any reasonable person would have concluded that Local 400 had stopped processing Ekemezie's grievance after she failed to reply with new information by July 26, 2016, seven days after the July 19 Letter. Therefore, she should have known by July 30, 2016 that her claim had accrued. Because she filed suit on February 28, 2017, more than six months later, her claim is untimely.

7

Ekemezie offers two grounds for tolling the statute of limitations. First, she argues that her efforts to exhaust the union's internal appeals process tolled the running of the statute of limitations until August 29, 2016, when Local 400 informed her that there were no further appeals. *See* Pl.'s Opp'n at 17-22. Second, she argues that equity supports tolling the statute of limitations due to Local 400's own delay in processing her case. *See id.* at 13-17. Neither argument saves her claim.

First, Ekemezie's pursuit of a further intra-union appeal after July 30, 2016, is not a basis for tolling the six-month statute of limitations. The D.C. Circuit, citing out-of-circuit case law, has suggested that efforts to exhaust internal union appeals could, at least potentially, toll the limitations period. *See Emory v. United Air Lines, Inc.*, 720 F.3d 915, 931 (D.C. Cir. 2013) (citing *Stevens v. Nw. Ind. Dist. Council, United Bhd. of Carpenters*, 20 F.3d 720, 729 (7th Cir. 1994)). However, neither Ekemezie nor Defendants assert that Ekemezie actually had additional intra-union appeals to pursue after July 30, 2016. To the contrary, the record shows that Ekemezie's first appeal, to Local 400's Executive Board on March 25, 2016, was her only appeal. *See* Pl.'s Ex. E.

In similar cases, courts have held that efforts to pursue fruitless follow-on appeals or motions for reconsideration do not toll the statute of limitations. In *Stevens*, for example, a group of union members had filed an intra-union appeal. 20 F.3d at 729. The Seventh Circuit concluded that their initial appeal tolled the statute of limitations, but that further efforts to appeal would not. Once "a union responds to an appeal in a clear manner, continuing requests are not sufficient to toll the statute." *Id.* at 730. The court reasoned that "a plaintiff cannot 'indefinitely delay resolution of labor disputes merely by bombarding his union with tiresome requests for needless review.'" *Id.* (quoting *Dozier v. Trans World Airlines, Inc.*, 760 F.2d 849,

8

852 (7th Cir. 1985) (per curiam)). The Tenth Circuit has adopted *Stevens*' holding. *Spaulding v. United Transp. Union*, 279 F.3d 901, 912 (10th Cir. 2002) (citing *Stevens*, 20 F.3d at 730); *see also Williams v. Chrysler Corp.*, 163 F.3d 183, 187 (3d Cir. 1998) (holding that "an untimely motion for reconsideration pursuant to a union internal appeal procedure cannot toll the six-month statute of limitations"). Ekemezie's letter of August 8, 2016—which sought information about the Board's decision and possible further avenues for appeal, *see* Pl.'s Ex. K—is plainly the sort of follow-on inquiry that courts have held does not toll the statute of limitations.

Ekemezie also fails to allege any facts that would support extending the statute of limitations on equitable grounds. Ekemezie argues that the doctrine of equitable estoppel makes her claim timely. Pl.'s Opp'n at 13-17. "Equitable estoppel in the statute of limitations context 'comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations.'" *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990)). In the labor context, courts have found equitable estoppel where an employer not only represented that an employee's grievance was still being processed—which, on its own, would be insufficient—but also made "affirmatively misleading statements that a grievance [would] be resolved *in the employee's favor.*" *Currier v. Radio Free Eur./Radio Liberty, Inc.*, 159 F.3d 1363, 1368 (D.C. Cir. 1998). Here, Ekemezie alleges Local 400 intentionally ignored her initial appeal and took longer than it needed to evaluate it. Pl.'s Opp'n at 14-15. Such delay, unaccompanied by misrepresentations, cannot estop Defendants from asserting the statute of limitations. Moreover, equitable estoppel tolls the statute of limitations for only so long "as is necessary to prevent the defendant from benefitting from his misconduct." *Chung v. DOJ*, 333 F.3d 273, 279 (D.C. Cir. 2003). Even if Local 400's delay in handling Ekemezie's appeal did

9

constitute misconduct, tolling the limitations period past July 30—when Ekemezie concededly became aware of Local 400's decision on the appeal—would not be "necessary to prevent the defendant from benefitting from his misconduct."

Nor is there any basis to conclude that equitable tolling, a related doctrine often conflated with equitable estoppel, *see Currier*, 159 F.3d at 1367, can save Ekemezie's claim. Equitable tolling applies "when the plaintiff 'despite all due diligence . . . is unable to obtain vital information bearing on the existence of his claim.'" *Chung*, 333 F.3d at 278 (alteration in original) (quoting *Currier*, 159 F.3d at 1367). It applies "only where the circumstances that caused a litigant's delay are . . . beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). In this Circuit, equitable tolling "will be exercised only in extraordinary and carefully circumscribed instances." *Dyson v. District of Columbia*, 710 F.3d 415, 418 (D.C. Cir. 2013) (quoting *Smith-Haynie*,155 F.3d at 580). In this context, a mere failure to communicate with the plaintiff on the union's part is not enough. For example, "[f]ailure to return phone calls does not constitute affirmative misconduct that would give rise to equitable tolling." *Delaney*, 612 F. Supp. 2d at 43.

Here, there is nothing in the record to suggest that extraordinary circumstances beyond Ekemezie's control prevented her from discovering her claim by July 30, 2016. While Ekemezie points to various administrative delays by Local 400 in handling her case, such allegations are insufficient to justify tolling. *See Williams v. Amalgamated Transit Union Local 689*, 245 F. Supp. 3d 129, 137, 140-41 (D.D.C. 2017) (holding that union's failure to respond to plaintiff's inquiries did not toll statute of limitations), *aff'd*, No. 17-7076, 2017 WL 4217248 (D.C. Cir. Aug. 23, 2017). And even if Ekemezie were entitled to tolling, it would have ended on July 30, 2016, when she received the July 19 Letter clearly explaining that it would consider her matter

closed in the next seven days unless she provided new evidence.  *See* Pl.'s Ex. J.  By that point, it was clear that Ekemezie had failed to do so, putting her on notice that her union would no longer grieve for her.  And the fact that she did not receive the July 19 Letter until she returned from vacation is not itself grounds for equitable tolling.  *Cf. Rose v. Dole*, 945 F.2d 1331, 1335-36 (6th Cir. 1991) (holding delay caused by plaintiff's vacation did not support equitable tolling); *Davis v. Columbia Univ.*, No. 09-cv-9581 (HB), 2010 WL 2143665, at *3-4 (S.D.N.Y. May 26, 2010) (similar).

Finally, Ekemezie suggests that the limited record before the Court cannot support dismissal at this stage of the litigation.  *See* Pl.'s Opp'n at 17-18.  However, Ekemezie created a more-than-sufficient record to support dismissal by attaching the letters between herself and Local 400 to her pleadings.  In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider both "the facts alleged in the complaint" and "any documents either attached to or incorporated in the complaint."  *Hurd*, 864 F.3d at 678.  The record on the instant motions includes both Ekemezie's Amended Complaint and the exhibits to her original complaint, which the Amended Complaint incorporates by reference.  *See supra* note 2.  Therefore, any "potential 'rejoinder to the affirmative defense [is] foreclosed by the allegations in the complaint'" and its attachments, making dismissal appropriate at this early stage.  *De Csepel*, 714 F.3d at 608 (quoting *Goodman*, 494 F.3d at 466); *see also Williams v. Chu*, 641 F. Supp. 2d 31, 34-35 (D.D.C. 2009) (deciding statute of limitations issue based on document attached to complaint and subject to judicial notice).

### IV. Conclusion and Order

For all of the above reasons, Local 400's Motion to Dismiss (ECF No. 24) and CVS's Motion for Partial Judgment on the Pleadings (ECF No. 25) are hereby **GRANTED**.  Count I of

11

the Amended Complaint is dismissed.  The Clerk of Court is directed to terminate Local 400 as a party to the action.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: July 5, 2018